UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

RECEIVED

12 MAY 25 PM 12: 16

U.S. BANKRUPTCY COURT
ST. PAUL, MN

In Re:                    Bankruptcy No. 11-60530

Chapter 13

Timothy Kato,
Beverly, Kato,

    Debtor.

**REPONSE TO MOTION TO AVOID JUDICIAL LIENS OF DOCKETED JUDGEMENT AGAINST DEBTORS THAT IMPAIR AN EXEMPTION OF DEBTORS**

TO: The United States Bankruptcy Court, the United States Trustee, and the Panel Trustee.

1. Lupient Leasing has a judgment against the debtors in the amount of $ 4,716.53 which is docketed in Douglas County, Minnesota which is impairing the debtors' exemption in the following real property in Douglas County, Minnesota:

   Lot Four, Block Two, Woodsman Cove, Douglas County, Minnesota.

2. The court has jurisdiction over this motion pursuant to 28 U.S.C #157 & 1334. The case was filed on May 19, 2011. The case is now pending in this Court.

3. The motion that arose under 11 U.S.C. #522 (f)(1)(A) and Minn. Stat. #510.07. The motion was filed under Bankruptcy Rule 9014 and Local Rule 9013-1. Lupient Leasing hereby disputes the request for relief with respect to the avoidance of their Judgment Lien that is impairing the debtors' exemptions.

4. It is the position of Lupient Leasing that the docketed judgment proceeds the assumption that secured lenders should be able to leap frog this docketed judgment as they are junior to the Lupient Leasing docketed judgment.

5. Lupient Leasing understands the protection of the homestead under these proceedings, however if his homestead is sold, it is the position of Lupient Leasing that the proceeds be subject to the judgment and be paid in a priority position. Lupient Leasing is not asking for any interest for this judgment simply the original monies owed.

6. As the court has jurisdiction over this motion, Lupient Leasing respectfully feels that the statutes are subject to interpretation as opposed to being a law.

7. Under the original Motion filed by the Debtors attorney Item #10 statement about "secured lenders", it is unclear that the Lupient Leasing docketed judgment should be able to be leap-frogged by the secured creditors, especially as the judgment was docketed from 2004. The debtors only hope to "improve their credit rating" by not having a foreclosure on their credit records seems ridiculous with amount of monies owed.

8. Lupient Leasing feels that it is a waste for the State of Minnesota and court staff time to be proving cases, obtain judgments and docket them, only for secured creditors to be able to take their monies prior to docketed judgments.

9. Due to the large amount of debt it is most certain this case will turn into a Chapter 7 in the future and if that be the case, Lupient Leasing feels the other creditors should wait their turn behind the docketed judgment of Lupient Leasing as it is the oldest owed.

WHEREFORE, Lupient Leasing seeks the court to deny granting the debtors' motion to avoid the judicial liens impairing the debtor's exemption of Lot Four, Block Two, Woodsman Cove, Douglas County, Minnesota. If the court allows the motion, to ensure the docketed judgments not be skipped over as the judgments in their nature was to secure future monies.

Dated: May 24, 2012                             Lupient Leasing

                                                Lisa Jacobs
                                                Credit Manager for Lupient Leasing
                                                7100 Wayzata Boulevard
                                                Golden Valley, MN 55426